B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Duke Energy Progress, LLC | **DEFENDANTS**<br>Billy Franklin Hoffman, Jr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles M. Sprinkle, Esq., Haynsworth Sinkler Boyd, PA<br>PO Box 2048, Greenville, SC 29602-2048<br>864) 240-3200 | **ATTORNEYS** (If Known)<br>T. Bentley Leonard, Leonard and Moore, PLLC<br>274 Merrimon Avenue, Asheville, NC 28801<br><br>*FILED AUG 07 2017 US Bankruptcy Court, Asheville, NC* |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff seeks declaration that certain debts incurred by Debtor are nondischargeable.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $27,781.89 |
| Other Relief Sought | |



| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Billy Franklin Hoffman, JR. | BANKRUPTCY CASE NO.<br>17-10163 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Asheville | NAME OF JUDGE<br>Hodges | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>s/ Charles M. Sprinkle | | | |
| DATE<br>August 7, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Charles M. Sprinkle, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re:<br><br>Billy Franklin Hoffman, Jr.,<br><br>Debtor. | Case No. 17-10163<br>Chapter 13 |
| Duke Energy Progress, LLC<br><br>Plaintiff,<br><br>v.<br><br>Billy Franklin Hoffman, Jr,<br><br>Defendant. | ADVERSARY COMPLAINT TO DENY<br>DISCHARGEABILITY OF CERTAIN DEBTS<br>Pursuant to 11 U.S.C. § 1328(a)(2), (4) |

1. This is an action brought pursuant to 11 USC §§ 101, *et seq.* (the Code) and 11 U.S.C. § 1328(a) seeking the denial of a discharge to Billy Franklin Hoffman, Jr. ("Debtor") for certain debts as set forth herein.

2. Duke Energy Progress, LLC ("Duke Energy") is a creditor of the Debtor by virtue of unpaid and illegally obtained electric services by the Debtor, and thus has standing to object to the discharge of Debtor.

3. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 157 in that this proceeding arises under Title 11 of the United States Code, arises in and related the above-referenced Chapter 13 case, and concerns the issuance of a discharge to Debtor

1

pursuant to 11 U.S.C. § 1328. This is a core proceeding filed pursuant to Fed. R. Bankr. P. 7001(4).

4. Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

5. Duke Energy consents to the jurisdiction of this Court to enter a final judgment.

6. On April 21, 2017, Debtor filed his Chapter 13 Petition with this Court. Debtor resides at 10 Harbinger Way, Asheville, North Carolina 28803 (the "Property").

7. For many years, Debtor has resided at the Property, but he has only had legitimate electric service provided by Duke Energy for a total of 11 months over two occasions: September 26, 2006 through January 4, 2007 and August 15, 2012 through April 3, 2013. On January 4, 2007, Duke Energy disconnected service for non-payment of electric charges. Upon investigation, Duke Energy discovered that service had been illegally connected, without Duke Energy's authorization. At the time, Debtor owned and resided at the property.

8. On August 15, 2012, Duke Energy agreed to reconnect service and back-billed the Debtor for services illegally obtained. The Debtor was set up on an installment plan in November 2012, to repay the balance for the illegally obtained services. Between 2008 and 2011, Duke Energy estimates that the Debtor illegally obtained approximately $16,632.60, in utility services.

9. Despite the fact that Duke Energy agreed to work with Debtor to satisfy balance owed for the illegally obtained electric service, Debtor only paid $655.00 for the illegally obtained services.

10. On October 11, 2016, Duke Energy discovered that service had once again been illegally re-connected. At that time, Debtor continued to own and reside at the property.

2

11. Beginning in or around April 2013 and continuing until October 2016, Debtor received illegal, unauthorized electric service valued at approximately $9,603.00 from Duke Energy. Duke Energy reported the matter to the Buncombe County Sheriff's Department, who, on information and belief, pursued Debtor for the illegally obtained services. However, Debtor never paid Duke Energy any restitution resulting from any charges or plea.

12. Debtor filed a petition under Chapter 13 on April 21, 2017. At that time, the Debtor had no active account with Duke Energy.

13. After receiving the Debtor's Motion to Compel Utility Service, Duke Energy began investigating whether the Debtor was yet again receiving illegal unauthorized electric from Duke Energy. On August 3, 2017, Duke Energy inspected the service equipment and determined that the Debtor had been illegally obtaining electric service since June 2016, which amounted to approximately $1,546.29 in unpaid electric services. Since filing his Petition, Debtor has received $450.45 in illegally obtained services, and Duke Energy has incurred investigative charges and costs for removing access to the utility service in the amount of $255.00.

14. Debtor's actions have left unsafe conditions for himself and others at the Property. Photographs documenting the illegally obtained service are attached as Exhibit 1.

15. To date, the Debtor has obtained approximately $27,781.89 in illegal unauthorized usage from Duke Energy. Further, Duke has incurred charges for investigations and equipment needed to remove the access from the pole so that the Debtor cannot continue to illegally re-connect.

16. On Schedule E/F, section 4.2, Doc. 1, Debtor acknowledges a portion of this restitution amount owed to Duke Energy, identifying a claim in the amount of $17,000.

3

## For a First Cause of Action
## 11 U.S.C. § 1328(a)(3),(4)

17. Each and every allegation contained in Paragraphs 1-16, above, are reiterated and incorporated herein as if restated in their entirety.

18. In relevant part, 11 U.S.C. § 1328(a)(2) provides that the Court shall grant the debtor a discharge except any debt of the kind specified in 11 U.S.C. § 523(a)(2), which provides that any debt "(2) for money, property, *services*, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . **(A) false pretenses,** a false representation, or **actual fraud** . . ." shall not be discharged.

19. 11 U.S.C. § 1328(a)(2) also provides that the Court shall grant the debtor a discharge except any debt of the kind specified in 11 U.S.C. § 523(a)(4), which provides that any debt for larceny shall not be discharged.

20. As set forth above, Debtor's debt owed to Duke Energy was incurred for utility services obtained illegally and under false pretenses.

21. Debtor has repeatedly connected and re-connected utility service to his Property, using unsafe, illegal, and fraudulent means.

22. Debtor's actions constitute theft of services provided by Duke Energy.

23. To date, Debtor's debt with Duke Energy is at least $27,781.89 for unpaid, illegally obtained electric services.

Based on the foregoing, Duke Energy prays that the Court issue an order:

(1) denying the dischargeability of the debts owed by Debtor to Duke Energy as set forth herein;

(2) awarding judgment to Duke Energy for the amounts of unpaid and illegally obtained utility services; and

(3) granting such other and further relief as may be just and proper.

                              **HAYNSWORTH SINKLER BOYD, P.A.**

                              **By:** <u>s/ Charles M. Sprinkle</u>
                                     Charles M. Sprinkle
                                     Fed ID No. 28096
                              One North Main Street, 2nd Floor
                              Greenville, SC 29601-2772
                              (864)240.3200 Tel
                              (64) 240.3300 Fax
                              Email Address: csprinkle@hsblawfirm.com

                              Attorneys for Duke Energy Progress, LLC

August 7, 2017



EXHIBIT 1









Case 17-01009    Doc 1-2    Filed 08/07/17    Entered 08/08/17 09:32:03    Desc
Complaint    Page 14 of 18









## NOTICE OF DEBT

Re:   Debt owed to Duke Energy Progress, LLC

1. As of August 7, 2017, the amount due to Duke Energy Progress, LLC is $27,781.89.

2. Duke Energy Progress, LLC is the creditor ("Creditor") to whom the amount due is owed.

3. Unless you, within thirty (30) days after receipt of this notice (the "Thirty Day Period"), dispute the validity of the debt due, the debt will be assumed to be valid by Haynsworth Sinkler Boyd, P.A., the attorneys for the Creditor.

4. If you notify Haynsworth Sinkler Boyd, P.A. in writing within the Thirty Day Period that the debt is disputed, Haynsworth Sinkler Boyd, P.A. will obtain a verification of the debt, and Haynsworth Sinkler Boyd, P.A. will mail a copy of that verification to you.

5. If the Creditor named in this notice is not the original creditor, and if you make a written request to Haynsworth Sinkler Boyd, P.A. within the Thirty Day Period, Haynsworth Sinkler Boyd, P.A. will mail to you the name and address of the original creditor.

6. Written requests should be addressed to the attorneys for the Creditor as follows:

> Haynsworth Sinkler Boyd, P.A.
> Attention: Charles M. Sprinkle or Mary M. Caskey
> Post Office Box 2048
> Greenville, South Carolina 29602-2048

7. This notice pertains to your dealings with Haynsworth Sinkler Boyd, P.A. as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time by which you must answer any summons and complaint which may be served upon you. Please understand that any summons is a command from the court, not from Haynsworth Sinkler Boyd, P.A., and you must follow the instructions on the summons even if you dispute the validity or any portion of the debt due pursuant to the judgment. This notice also does not affect the relations of Haynsworth Sinkler Boyd, P.A. with the court. Haynsworth Sinkler Boyd, P.A. may file legal papers in the court according to the court's rules and the judge's instructions.

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT 2

DM: 5069226 v.1