FILED & JUDGMENT ENTERED
Steven T. Salata

October 12 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Steven T. Salata
Clerk, United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re:<br><br>Billy Franklin Hoffman, Jr.,<br><br>Debtor. | Case No. 17-10163<br>Chapter 13 |
| Duke Energy Progress, LLC<br><br>Plaintiff,<br><br>v.<br><br>Billy Franklin Hoffman, Jr,<br><br>Defendant. | Adversary Case No. 17-01009 |

## ORDER

This matter is before the Court on the Motion of the Plaintiff, Duke Energy Progress, LLC ("Plaintiff"), for a default judgment against defendant Billy Franklin Hoffman, Jr. ("Defendant")

1

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.	It appears from the Affidavit of Service and the Affidavit of Default by counsel for Plaintiff that the Adversary Coversheet, Adversary Complaint, and Summons, were served upon Defendant.  It further appears that no Answer, Notice of Appearance, or other responsive pleading was filed with the Court or served on Plaintiff by the Defendant within the time prescribed by law, and that no enlargement of time to respond was granted or requested by the Defendant in accordance with Rule 9006-1, Fed. R. Bankr. R.  No Certificate of Extension was filed in accordance with SC LBR 7001-1.

2.	On April 21, 2017, Defendant filed his petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date").

3.	This is a proceeding governed by Rule 7001(9), Fed. R. Bankr. P.

4.	Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 157 in that this proceeding arises under Title 11 of the United States Code, arises in and related the above-referenced Chapter 13 case, and concerns the issuance of a discharge to Debtor pursuant to 11 U.S.C. § 1328.  This is a core proceeding filed pursuant to Fed. R. Bankr. P. 7001(4).

5.	Venue is based upon 28 U.S.C. § 1409, in that the Defendant's Chapter 13 bankruptcy case is pending in this District.

6.	This is an action brought pursuant to 11 USC §§ 101, *et seq.* (the Code) and 11 U.S.C. § 1328(a) seeking the denial of a discharge to Defendant for certain debts as set forth herein.

7. Defendant resides at 10 Harbinger Way, Asheville, North Carolina 28803 (the "Property"). Plaintiff is a creditor of the Defendant by virtue of unpaid and illegally obtained electric services by the Defendant, and thus has standing to object to the discharge of Defendant. (Complt. ¶ 7.)

8. For many years, Defendant has resided at the Property, but he has only had legitimate electric service provided by Plaintiff for a total of 11 months over two occasions: September 26, 2006 through January 4, 2007 and August 15, 2012 through April 3, 2013. On January 4, 2007, Plaintiff disconnected service for non-payment of electric charges. Upon investigation, Plaintiff discovered that service had been illegally connected, without Plaintiff's authorization. At the time, Defendant owned and resided at the property. (*Id.*)

9. On August 15, 2012, Plaintiff agreed to reconnect service and back-billed the Defendant for services illegally obtained. The Defendant was set up on an installment plan in November 2012, to repay the balance for the illegally obtained services. Between 2008 and 2011, Plaintiff estimates that the Defendant illegally obtained approximately $16,632.60, in utility services. Defendant only paid $655.00 for the illegally obtained services. (*Id*. ¶¶ 8-9.)

10. Beginning in or around April 2013 and continuing until October 2016, Defendant received illegal, unauthorized electric service valued at approximately $9,603.00 from Plaintiff. Plaintiff reported the matter to the Buncombe County Sheriff's Department, who, on information and belief, pursued Defendant for the illegally obtained services. However, Defendant never paid Plaintiff any restitution resulting from any charges or plea. (*Id*. ¶ 11.)

11. On August 3, 2017, Plaintiff inspected the service equipment and determined that the Defendant had been illegally obtaining electric service since June 2016, which amounted to approximately $1,546.29 in unpaid electric services. Since filing his Petition, Defendant has

received at least $450.45 in illegally obtained services, and Plaintiff has incurred investigative charges and costs for removing access to the utility service in the amount of $255.00. (*Id*. ¶ 13.)

12. To date, the Defendant has obtained approximately $27,781.89 in illegal unauthorized usage from Plaintiff. Further, Plaintiff has incurred charges for investigations and equipment needed to remove the access from the pole so that the Defendant cannot continue to illegally re-connect. (*Id*. ¶ 15.)

13. On September 1, 2017, Plaintiff and Defendant entered into a Consent Order, Doc No. 34, in Case no. 17-10163, pursuant to which Defendant agreed not to contest the relief requested in this Adversary Proceeding, and agreed to entry of Judgment in the amount of $27,781.89.

Accordingly, the Court finds that:

a. Plaintiff is awarded a judgment again Defendant in the amount of $27,781.89 based on illegally obtained utility service as of the date of this judgment; and

b. The debt arising from the unpaid utility services and represented by the judgment of $27,781.89 is a non-dischargeable debt of Defendant to Plaintiff pursuant to 11 U.S.C. § 1328(a)(3)-(4), therefore will be deemed excepted from any discharge of debts issued to Defendant.

AND IT IS SO ORDERED.

This Order has been signed
electronically. The judge's
signature and court's seal appear
at the top of the Order.                                                  United States Bankruptcy Court